# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50012
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

February 12, 2014

Lyle W. Cayce
Clerk

UNITES STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD PAXSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-72-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Donald Paxson, federal prisoner # 82915-180, pleaded guilty to possession of child pornography and receipt of child pornography, and the district court imposed concurrent sentences of 70 months in prison, to be followed by 35 years of supervised release. He now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his petition seeking sentencing credit for the 33 months he spent in home confinement during pre-trial release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50012

Paxson's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Paxson argues that the district court erred (1) in construing his motion, in part, as a 28 U.S.C. § 2255 motion and (2) in failing to use its powers to provide redress for the unconstitutional restraint on his liberty during his home confinement. Paxson has not adequately addressed the district court's reasons for dismissing his petition. By failing to identify any error in the district court's analysis, Paxson has abandoned any challenge he might have raised regarding the district court's decision. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Accordingly, Paxson's appeal is without arguable merit and is frivolous. *See Howard*, 707 F.2d at 219-20. The IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

Paxson's repetitive attempts to obtain relief under different provisions demonstrate a disregard for the strain on judicial resources caused by his motions and appeals. He is hereby warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will invite sanctions, including monetary penalties and limits on his access to federal court. We hereby instruct Paxson to review all pending matters to ensure that they are not frivolous or repetitive.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

2